**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION**

| | |
|---|---|
| JOSEPH VIGIL, JR., Individually and on Behalf of All Other Persons Similarly Situated, | ) ) ) ) |
| Plaintiff, | ) ) Civil Action No. 2:15-cv-01200-JFC |
| v. | ) ) Honorable Joy Flowers Conti |
| KLX ENERGY SERVICES and BULLDOG FRAC RENTALS LLC | ) ) ) ) |
| Defendants. | ) |

**JOINT MOTION FOR ORDER APPROVING SETTLEMENT AND ENTRY OF FINAL JUDGMENT DISMISSING LAWSUIT WITH PREJUDICE**

Plaintiff Joseph Vigil, Jr. and Opt-In Plaintiff Justin Lard (collectively, "Plaintiffs") and Defendants KLX Energy Services and Bulldog Frac Rentals LLC ("Defendants" and, together with Plaintiffs, the "Parties") jointly move for approval of the settlement reached between Plaintiffs and Defendants (the "Settlement"). The Parties further jointly move the Court for entry of final judgment dismissing this action in its entirety with prejudice. In furtherance of this motion, the Parties jointly state:

1. Plaintiffs have alleged that Defendants violated the Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Act ("PMWA") and the wage and hour laws of North Dakota, including N.D.C.C. § 34-06-03 and N.D. Admin. Code §§ 46-02-07-02 (the "North Dakota Wage and Hour Laws"), by denying them certain overtime payments that are allegedly due under the FLSA, the PMWA and the North Dakota Wage and Hour Laws. Defendants moved to compel Plaintiff Vigil's claims to arbitration, and the Court ordered a trial on the matter. Both parties expect to prevail at trial. If Plaintiffs were to prevail at trial and keep the matter in court,

which Defendants maintain is unlikely, Plaintiffs would move to conditionally certify the case as a class and/or collective action under the FLSA, the PMWA and the North Dakota Wage and Hour Laws. Defendants have denied, and continue to deny, Plaintiffs' claims and assert that Plaintiffs are not owed additional pay and that this case is not proper for class or collective treatment.

2.   To avoid further litigation costs, Defendants and Plaintiffs have agreed to settle the claims in this lawsuit. Defendants and Plaintiffs have agreed to the Settlement, which will take effect following the Court's approval and will bind only the Plaintiffs and no other current or former employees of Defendants. All Parties are represented by experienced and competent counsel and the Parties engaged in arm's-length negotiations following the exchange of facts regarding the Plaintiffs' claims and Defendants' defenses. Specifically, the Parties exchanged payroll and other information related to Plaintiffs' hours and compensation. In addition, counsel for the Parties have discussed and considered Plaintiffs' assertions and Defendants' defenses and their respective legal theories in support of their positions.

3.   A bona fide dispute exists between the Parties. Specifically, the Parties dispute whether Plaintiffs were subject to arbitration provisions containing class and collective action waivers; whether Plaintiffs were entitled to certain overtime pay; the amount of overtime pay due, if any; whether Plaintiffs were subject to the Motor Carrier Act exemption to the FLSA, the PMWA and the North Dakota Wage and Hour Laws; and whether Plaintiffs were also subject to the FLSA, the PMWA and the North Dakota Wage and Hour Laws' executive, administrative and/or professional employee exemptions.

4.   Plaintiffs recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the above-styled case through trial and through appeals. Plaintiffs and Plaintiffs' counsel also have taken into account the uncertain outcome and the risk

of any litigation, as well as the difficulties and delays inherent in such litigation. Plaintiffs and Plaintiffs' counsel are mindful of the inherent problems of proof in establishing their asserted claims. Defendants also conclude that further conduct of the above-styled case would be time-consuming and expensive and have taken into account the uncertainty and risks inherent in any litigation, and that it is desirable and beneficial that Plaintiffs' claims be fully and finally settled in the manner and upon the terms and conditions set forth in the Settlement.

5. The Parties agree that the terms of the Settlement are fair and equitable and were negotiated at arm's-length with all Parties being fairly and fully represented by counsel of their choosing. The Settlement takes into account the number of overtime hours claimed by Plaintiffs and the amount of unpaid overtime to which Plaintiffs allege they are entitled. Plaintiffs agreed to the terms of the Settlement after having the opportunity to speak with Plaintiffs' counsel, ask questions and review calculations and analyses.

6. Because the Settlement agreed to by the Parties is a fair and equitable compromise of a bona fide dispute, Defendants and Plaintiffs request that the Court approve the Settlement and enter a final judgment dismissing the case, in its entirety, with prejudice. An Agreed Order and Final Judgment, approved by the Parties, is being submitted with this Motion.

| | |
|---|---|
| */s/ D. Aaron Rihn* | */s/ Dan G. Hartsfield* |
| D. Aaron Rihn | Dan G. Hartsfield (admitted *pro hac vice*) |
| Arihn@peircelaw.com | State Bar No. 09170800 |
| ROBERT PEIRCE & ASSOCIATES, P.C. | dan.hartsfield@jacksonlewis.com |
| 2500 Gulf Tower | Talley R. Parker(admitted *pro hac vice*) |
| 707 Grant Street | State Bar No. 24065872 |
| Pittsburgh, PA 152918 | Talley.Parker@jacksonlewis.com |
| 412-281-7229 – Telephone | JACKSON LEWIS P.C. |
| 412/281/4229 – Facsimile | 500 N. Akard, Suite 2500 |
| | Dallas, TX 75201 |
| AND | (214) 520-2400 – Telephone |
| | (214) 520-2008 – Facsimile |
| Nicholas A. Migliaccio | |
| nmigliaccio@classlawdc.com | AND |
| Jason S. Rathod | |
| jrathod@classlawdc.com | Melissa L. Evans (PA ID No. 85978) |
| MIGLIACCIO & RATHOD LLP | One PPG Place, 28th Floor |
| 412 H Street N.E., Suite 302 | Pittsburgh, PA 15222 |
| Washington, D.C. 20036 | (412) 232-0404 |
| 202-470-3520 – Telephone | (412) 232-3441 *facsimile* |
| 202-800-2730 – Facsimile | melissa.evans@jacksonlewis.com |
| | |
| **ATTORNEYS FOR PLAINTIFF** | **ATTORNEYS FOR DEFENDANT KLX ENERGY SERVICES LLC** |

## CERTIFICATE OF SERVICE

I certify that on May 3, 2016, a true and correct copy of the foregoing was filed electronically through the Court's CM/ECF System and automatically copied to all Counsel of Record.

                                                        */s/ Aaron Rihn*
                                                        D. Aaron Rihn